IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT EDWARD ASHLEY, 1196903, | ) | |
|     Petitioner, | ) | |
| v. | ) | No. 3:06-CV-2221-L |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division | ) | |
|     Respondent. | ) | |
| | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Procedural Background**

Petitioner challenges his conviction for burglary of a habitation, enhanced by a prior felony. *State of Texas v. Vincent Edward Ashley*, F-0273507-NJ (County Crim. Ct. No. 3, Dallas County, Tex., Oct. 1, 2003). On September 30, 2003, Petitioner pled not guilty to the charges. On October 1, 2003, after the jury was selected, Petitioner entered a plea of guilty before the jury. The state then struck a third enhancement paragraph. The jury found Petitioner guilty as instructed by the trial court. Petitioner pled true to the remaining enhancement paragraph and the court sentenced him to twenty years confinement.

On October 11, 2004, the Fifth District Court of Appeals affirmed the conviction. *Ashley v. State*, No. 05-03-01608-CR (Tex. App. – Dallas, 2003, no pet.). Petitioner did not file a petition for discretionary review.

On July 22, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex parte Ashley*, No. 65,199-01. On August 9, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On November 29, 2006, Petitioner filed this federal petition. He argues:

(1) the trial court erred when it presented issues regarding prior convictions during the guilt/innocence phase of the trial;

(2) his guilty plea was involuntary;

(3) he received ineffective assistance of trial counsel when his counsel:

    (a) failed to contact witnesses;

    (b) failed to object when the court entered prior convictions during the guilt/innocence phase of the trial;

    (c) failed to object when the court confused the issues, deceived Petitioner and instructed the jury to find Petitioner guilty based on his plea of true to the enhancement paragraphs; and

    (d) failed to file a motion for continuance

(4) he received ineffective assistance of appellate counsel when his counsel failed to raise any of the above issues on appeal and failed to contact any defense witnesses.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

## 2. Guilty Plea

Petitioner claims his guilty plea was involuntary. He argues that he entered a plea of true to the enhancement paragraph, but the trial court deceived Petitioner and instructed the jury to enter a finding of guilty to the burglary charge. He also argues the trial court's action resulted in a fraudulent conveyance of guilt. He claims his counsel was ineffective for failing to object to the trial court's error.

As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) and *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Before the trial court may accept a guilty plea, it must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." *Taylor*, 3933 F.2d at 330 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is involuntary, and therefore insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Taylor*, 933 F.2d at 330 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

In this case, Petitioner has not shown that his plea was involuntary. The state record shows that the trial judge repeatedly and thoroughly questioned Petitioner regarding his knowledge and understanding of the charges against him and the effect of his guilty plea. The transcripts show that on the day of trial, Petitioner decided to plead guilty. The transcripts state:

> COURT: All right. Mr. Ashley, you're here with your attorneys. Let me try to make the record clear on what I believe is happening at this point.

> It's my understanding that, as you had discussed with your attorneys, I believe I went over with you earlier, that you are, at the time the Indictment is read to the jury, intending to enter a plea of guilty.
>
> Assuming that's going to happen, I will instruct the jury to return a verdict of guilty at that point in time. Once that verdict of guilty is signed and returned by the jury, we'll proceed to punishment. Whether we'll finish the punishment evidence today or not, I don't know. Your attorneys may ask for a PSI, which is a presentence interview.
>
> However, with your agreement to enter the plea of guilty, the State will then strike the third paragraph, or the second enhancement paragraph, and lower the minimum punishment available in your case from 25 years to 5 years. Is that your understanding?
>
> PETITIONER: Yes, sir.

(Trial Tr. Vol. 3 at 31-32).

After the Indictment was read, the court stated:

> COURT: And to that Indictment, Mr. Stone, how does your client plead?
>
> COUNSEL: He pleads guilty, Your Honor.
>
> COURT: All right. Is that your plea, Mr. Ashley?
>
> PETITIONER: Yes, sir.
>
> * * *
>
> COURT: Let me show you what's been marked as State's Exhibit Number 1. It is a Judicial Confession. It tracks the Indictment, all right? Further, it indicates that you're pleading guilty or true to the remaining enhancement paragraph that will be there at that point in time.
>
> Do you understand that, by entering this and my instructions to the jury, the jury will find you guilty. Do you understand that?
>
> PETITIONER: Yes, sir.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

(*Id*. at 34).

 \* \* \*

| | |
|---|---|
| COURT: | You have been arraigned. You've entered a plea to the charging paragraph. You've signed the Judicial Confession. It plainly appearing to the Court that you're mentally competent and understand that, I accept and approve that Judicial Confession. |

(*Id*. at 36-37).

 \* \* \*

| | |
|---|---|
| COURT: | All right. And then once the verdict of guilty is returned, the State will move to strike the third paragraph, the second enhancement paragraph. I intend to grant that. And then you'll be facing a range of punishment from 5 years up to 99 years or life. Do you understand that, Mr. Ashley? |
| PETITIONER: | Yes, sir. |

(*Id*. at 37).

The record clearly shows that Petitioner's guilty plea was voluntarily and knowingly made.

The record also shows that the court did not present evidence of Petitioner's prior convictions during the guilt/innocence phase of the trial. At trial, the prosecutor read only the current burglary charges to the jury. (Trial Tr. Vol. 3 at 41-42). The only evidence offered by the prosecution was Petitioner's signed Judicial Confession. (*Id*. at 42). Petitioner's claim is without merit.

**3. Ineffective Assistance of Counsel**

Petitioner claims his counsel was ineffective. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(a) Trial Counsel

Petitioner argues his trial counsel was ineffective because he did not object to the trial court's errors and deception in finding Petitioner guilty. As discussed above, the trial court did not err in accepting Petitioner's guilty plea. Petitioner's plea was knowingly and voluntarily entered. His counsel was therefore not ineffective for failing to object during the plea proceedings. Counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Petitioner also claims his attorney failed to investigate and contact witnesses. He argues that his girlfriend, Francanna Barraca, and other neighbors could substantiate his claim that he "partied" with the victims of the burglary, which would explain the existence of his fingerprints

in their home.[1] Petitioner submits no affidavit or other evidence that any witnesses would have testified at trial that he knew the victims of the burglary. As the Fifth Circuit has stated, "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986). Petitioner's claims should be denied.

Additionally, Petitioner argues his counsel was ineffective for failing to file a motion for continuance. Petitioner has submitted no evidence that a motion for continuance would have benefitted the defense or would have altered the outcome in this case. His claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

(b) Appellate Counsel

Petitioner claims he received ineffective assistance of appellate counsel because his counsel failed to raise any of the above claims and failed to contact witnesses for the defense. As discussed above, Petitioner's claims are without merit. His appellate counsel was not ineffective for failing to raise meritless claims. *Gibson*, 55 F.3d at 179. Further, Petitioner has not stated which witnesses should have been contacted by appellate counsel and he has submitted no evidence that any witness would have testified favorably for him. *Martin*, 796 F.2d at 819. Petitioner's claims should be denied.

---

[1] During the punishment phase, the mother of Petitioner's child, Cheena Liddleton, testified for the defense. She did not testify that Petitioner partied with the victims of the burglary or that Petitioner knew the victims of the burglary.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 8**

**4. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 26th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).